UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 07-188-HRW

LONZO STEPHENS,                                                                  PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on June 30, 2004, alleging disability beginning on April 1, 2004, due to chronic obstructive pulmonary disease, chronic low back and joint pain, insomnia, hearing loss, poor vision, anxiety and depression (Tr. 58-60).

This application was denied initially and on reconsideration.

On May 22, 2006, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 394-401). At the hearing, Melissa A. Glannon, a vocational expert (hereinafter "VE"), also testified (Tr. 401-404).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 25, 2007, the ALJ issued his decision finding that Plaintiff was

not disabled (Tr. 14-24).

Plaintiff was 48 years old at the time of the hearing decision (Tr. 58). He has a high school education and past work experience as a drill operator (Tr. 69, 119).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 16).

The ALJ then determined, at Step 2, that Plaintiff suffered from pulmonary disease and chronic low back pain, which he found to be "severe" within the meaning of the Regulations (Tr. 16-18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18-20). In doing so, the ALJ specifically considered listings 12.00, 1.00 and 3.00 (Tr. 19-20).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 22) but determined that he has the residual functional capacity ("RFC") to perform a range of medium work, with certain restrictions as set forth in the decision (Tr. 20-22).

The ALJ finally concluded that these jobs exist in significant numbers in the

national and regional economies, as identified by the VE (Tr. 23).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 18, 2007 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's only contention on appeal is that the ALJ should have recontacted his treating physician, Dr. Gopal Majumdar "to determine whether additional evidence was readily available" (Docket No. 9, Plaintiff's Brief at pg.2). Plaintiff contends that because the ALJ concluded that Dr. Majumdar's opinions were inconsistent with his own treatment notes and Plaintiff's statements as to his abilities, the ALJ was obligated to recontact Dr. Majumdar to "to determine whether additional evidence was readily available" [Docket No. 9, Plaintiff's Brief at pg.2].

Plaintiff misconstrues the applicable law. The regulations provide that when the record is inadequate, the ALJ will recontact the appropriate medical source to determine whether the additional needed information is readily available. 20 C.F.R. §§ 404.912(e).

It is the **inadequacy** of the record which triggers the obligation re-contact

5

the physician.  Having reviewed the record, the Court finds that it was not inadequate.  To the contrary, the ALJ had a full record before him, which included records from treating sources, examining physicians and consultative examiners.  The Court finds no inadequacy in the record.  Thus ALJ was under no compulsion to re-contact Dr. Majumdar.  *See* 20 C.F.R. 404.1512(e).  Moreover, it is clear from his detailed decision that the ALJ carefully considered the findings of various medical sources, treating and otherwise, and formulated the RFC based upon the same.

It appears that Plaintiff's dissatisfaction with the ALJ's consideration of Dr. Majumdar's opinion, rather than the inadequacy of the record, which is driving his claim of error.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In his July 2004 assessment, Dr. Majumdar suggested extreme physical limitations which would essentially preclude any type of gainful employment (Tr. 205-208).  Yet, his own treatment notes do not support such limitations.

Moreover, Dr. Majumdar's opinion of extreme limitations, as set forth in his July 2004 assessment, is inconsistent with the findings of three consultative examiners, Dr. Jules Barefoot, Dr. Bobby Kidd and Dr. Ian Windhill (Tr. 375-388, 228-235, and 209-213) .

Given the lack of supporting clinical data and the inconsistency with the other credible medical evidence of record, the Court finds no error in the ALJ's decision to discount Dr. Majumdar's opinion.

As for Plaintiff's contention that the ALJ evaluated Dr. Majumdar's records and assessment "without the benefit of any medical professional" [Docket No. 9, Plaintiff's Brief at pg. 4], it is without merit.  The ALJ is not required to obtain a medical expert or other medical professional to evaluate the opinion of a treating physician.  There is simply no authority in this regard.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This January 4, 2008.



Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge